FRUGÉ, Judge ad hoc.
This suit is brought by plaintiff, Albert Hebert, against his employer, Fred Flero-man, Jr., d/b/a Fred’s Greenhouse and Nursery, claiming total and permanent disability under the provisions of the Workmen’s Compensation Act, LSA-R.S. 23 :- 1021 et seq., for an alleged injury which occurred on April 12, 1957. The defendant contends that the plaintiff, while he sustained an accident and an injury on the date contended, he recovered from said injury and is not disabled in any way.
The District Court, upon the evidence adduced, with written reasons, was of the opinion that plaintiff was not disabled in any way, and, consequently rejected his demand.
The plaintiff has appealed.
The evidence reveals that on or about April 12, 1957, plaintiff was operating an electrical power saw during the course and scope of his employment with the defendant, and while he was in the process of ripping some large planks he accidentally injured his thumb with the saw.
After the accident, plaintiff was seen by Doctor Alvin Stander, at the Bone and Joint Clinic in Baton Rouge, Louisiana for treatment. He was discharged by Dr. Stander in the latter part of June, 1957 and returned to work in early July, 1957 for the defendant and worked for the defendant until some time in March, 1958 when he was discharged by the defendant. While working for that period of time, he was paid regular wages and did his regular work.
During his period of disability from the date of the accident until July 1957, plaintiff was paid compensation by the insurer of the defendant, which is now a defunct *534 insurance corporation and not made a party to this suit.
Dr. Alvin Stander, who treated the plaintiff immediately after the accident and until July 2, 1958, testified that the plaintiff had sustained a treaded wound of the middle and distal joints of the index finger and of the distal joint of the thumb of the left hand. He further testified that plaintiff had also sustained a fracture of the distal phalanx of the left thumb as a result of the accident. The wound was cleansed and the lacerations sutured by Dr. Stander. Dressings and a cast were applied to hold the fragments of the fractured distal phalanx of the thumb in place. The cast was allowed to remain until May 1, 1957, at which time it was removed and X-rays of the thumb were made. Dr. Stander stated that a splint was applied to protect the left thumb on May 1, 1957.
On June 25, 1957, plaintiff was again seen by Dr. Alvin Stander and at that time Dr. Stander was of the opinion that within four to six weeks from that date that the disability which he found in the left hand, estimated at 5% would disappear within the next four to six weeks.
Dr. Stander again saw the plaintiff on July 2, 1958 and was of the opinion that the hand and thumb were satisfactory. He testified that due to the slight loss of fat at the distal joint of the thumb, he estimated the disability of the function of the thumb to be 2% or less.
The plaintiff was seen by Dr. Charles B. Cracraft on July 1, 1958 and was called to testify on behalf of plaintiff. He testified that he thought that the plaintiff had made a satisfactory recovery and because of the complaint of tenderness over the scar on his thumb, he estimated that plaintiff had a disability of the thumb from 3% to 5% of said thumb.
The preponderance of the testimony of the lay witnesses reveal that plaintiff worked from July, 1957 to March, 1958 doing the same type of work which he did before the accident and did same without complaint, and, accordingly, is not entitled to any compensation.
While counsel for plaintiff has abandoned his argument for total and permanent disability to plaintiff, he contends that plaintiff is entitled to some compensation, as this is a case involving a permanent partial loss of the thumb.
We do not believe that the evidence substantiates a finding that the plaintiff has sustained a permanent partial loss of his thumb, and, accordingly, the position of plaintiff in this respect is untenable.
Plaintiff also contends that the Trial Judge should have awarded him $20 for treatment of his injuries.
In the record there is an Exhibit marked “P-1” being a statement of the Bone and Joint Clinic of Baton Rouge, Louisiana addressed to Albert Hebert, showing a balance due in the sum of $20. Plaintiff was questioned with reference to this Exhibit and stated that it was a bill which he had received the Saturday before last, previous to the trial of the case and was for treatment by Dr. Stander. In connection with this testimony, counsel for plaintiff offered and introduced it in evidence. However, the transcript of evidence contains no statement of the Court allowing it to be offered in evidence. Dr. Stander testified in this matter and he was not questioned with reference to the bill and there is no evidence that it was for treatment of plaintiff for the particular injuries which he sustained as a result of the accident. There is also in the record a stipulation between plaintiff and defendant that defendant had paid the sum of $130 to the Bone and Joint Clinic. Inasmuch as the statement was not identified by Dr. Stander, and inasmuch as actually there is doubt whether it has been properly introduced in evidence, we cannot find the defendant is indebted to Albert Hebert in the sum of $20 for payment of this bill.
In passing we might say that should this expense have been incurred in the treatment of Albert Hebert for the injuries he *535 sustained, certainly defendant should pay Dr. Stander the account, but inasmuch as plaintiff has failed to properly identify the bill with the treatment, we cannot order judgment in favor of plaintiff against the defendant.
During the trial the deposition of plaintiff was introduced in evidence by the defendant. Plaintiff argues that before it can be introduced there should be a purpose for which the deposition is to be introduced in evidence, and since the deposition was not used in any way to impeach a testimony or the credibility of the plaintiff, then it should not have been introduced in evidence or considered by the District Court. LSA-R.S. 13:3745 provides that the deposition of a party which is a party to the suit may be used by any adverse party for any purpose. Because the statute provides “for any purpose” it is within the discretion of the Judge to let the deposition be introduced in evidence although there is no express purpose submitted by the defendant.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.